OPINION
{¶ 1} Defendant-appellant Charles Serafino appeals his sentence from the Ashland County Court of Common Pleas on one count each of receiving stolen property and theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 29, 2004, the Ashland County Grand Jury indicted appellant on one count of forgery in violation of R.C. 2913.31(A)(1), a felony of the fifth degree, two counts of receiving stolen property in violation of R.C. 2913.51(A), felonies of the fifth degree, one count of forgery in violation of R.C. 2913.31(A)(2), a felony of the fifth degree, one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree, and one count of attempted petty theft in violation of R.C. 2923.02(A) and R.C. 2913.02(A)(3), a misdemeanor of the second degree. At his arraignment on January 30, 2004, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on March 25, 2004, appellant withdrew his former not guilty plea and plead guilty to one count each of receiving stolen property and one count of theft. The remaining charges were dismissed. As memorialized in a Judgment Entry filed on May 24, 2004, appellant was sentenced to two consecutive ten month prison sentences, for an aggregate prison sentence of twenty months. Appellant was also ordered to pay restitution and to complete an alcohol and drug assessment and complete any recommended treatment.
 {¶ 4} It is from his sentence that appellant now appeals, raising the following assignment of error:
 {¶ 5} "The imposition of consecutive sentences is against the manifest weight of the evidence and contrary to the law."
I
 {¶ 6} Appellant, in his sole assignment of error, argues that the trial court's imposition of consecutive sentences is against the manifest weight of the evidence and contrary to law. Appellant specifically contends that the trial court, in sentencing him, failed to make the finding required by R.C. 2929.14(E)(4) that consecutive sentences are not disproportionate to the danger that appellant poses to the public. We agree.
 {¶ 7} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.793 N.E.2d 473, the Ohio Supreme Court discussed consecutive sentences and stated:
 {¶ 8} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. . . . Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to thedanger the offender poses to the public. . . . Third, the court must find the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." (Emphasis added) Id. at ¶ 13.
 {¶ 9} The factors contained in R.C. 2929.14(E)(4)(a) through (c) are as follows:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} Thus, the Comer Court concluded, "[p]ursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer
at paragraph one of the syllabus.
 {¶ 14} Appellee, in its brief, concedes that the trial court did not make all of the requisite findings set forth in R.C. 2929.14(E) on the record at the sentencing hearing. At the May 24, 2004, sentencing hearing in the case sub judice, the trial court stated as follows in imposing consecutive sentences:
 {¶ 15} "The court does find, therefore, due to the defendant's extensive criminal history, that consecutive prison terms are necessary, under Section 2929.14(E)(4), to protect the public; that they are not disproportionate to the offender's conduct; and that the offender's criminal history shows that consecutive sentences are necessary for the protection of the public." Transcript at 6. Specifically, the trial court did not find that consecutive sentences are not disproportionate "to the danger that the offender poses to the public" as is required by R.C.2929.14(E).
 {¶ 16} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 17} Accordingly, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded for resentencing.
Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed and remanded for resentencing. Costs assessed to appellee.